# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | Case No: ___2:18-cv-01058___ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| RYAN ZINKE, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

## INTRODUCTION

1.     Plaintiff Center for Biological Diversity ("the Center") challenges the failure of Defendants Secretary Ryan Zinke and the United States Fish and Wildlife Service ("FWS") to designate critical habitat for the Guyandotte River crayfish (*Cambarus veteranus*) and the Big Sandy crayfish (*Cambarus callainus*) under the Endangered Species Act ("ESA").  16 U.S.C. §§ 1531-1544.  These crayfish only live in portions of eastern Kentucky, southern West Virginia, and western Virginia, and they are highly imperiled due to declining water quality and habitat loss from coal mining and urban development within their watersheds.

2.     In response to a petition by the Center, on April 7, 2016, FWS published in the Federal Register a regulation to protect the Guyandotte River crayfish as an endangered species. 81 Fed. Reg. 20,450 (Apr. 7, 2016).  The same day, FWS published a regulation to protect the Big Sandy crayfish as a threatened species under the ESA.  *Id*.

3.      The ESA requires FWS to define and publish a final regulation designating each species' "critical habitat" within one year of listing the species as endangered or threatened.  16 U.S.C. § 1533(a)(3)(A)(i).  Critical habitat is defined as the areas that are "essential to the conservation of the species"—*i.e.*, those areas which are "essential" to the species' survival and recovery.  *Id*. § 1532(5)  Yet to date FWS has failed to designate critical habitat for the Guyandotte River crayfish or the Big Sandy crayfish.  The Center therefore brings this lawsuit to enforce these nondiscretionary requirements of the ESA.  *Id*. § 1540(g)(1)(C).

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under the ESA's citizen suit provision), 5 U.S.C. § 702 (review of agency action under the Administrative Procedure Act ("APA"), and 28 U.S.C. § 1331 (federal question jurisdiction).

5.      The Court may grant the requested relief under the APA at 5 U.S.C. §§ 701-706; the ESA, 16 U.S.C. § 1540(g); and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

6.      By letter dated March 28, 2018, the Center provided 60 days' notice of this suit pursuant to the citizen-suit provision of the ESA, 16 U.S.C. § 1540(g)(2)(C).  Defendants have not remedied the violations to date, thus an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

7.      Venue is proper in this court pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e).  A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of West Virginia.

## PARTIES

8.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a non-profit organization that is dedicated to the preservation, protection, and restoration of biological diversity, native species, and ecosystems.  The Center is incorporated in California and headquartered in Tucson, Arizona, with offices in Alaska, Arizona, California, Colorado, the District of Columbia, Florida, Hawai'i, Idaho, Minnesota, Nevada, New Mexico, New York, North Carolina, Oregon, Washington, and Mexico.  In 2010, the Center filed a petition with FWS to list the Guyandotte River crayfish and the Big Sandy crayfish under the ESA, and in response, FWS listed these species in 2016.   CENTER FOR BIOLOGICAL DIVERSITY, PETITION TO LIST 404 AQUATIC, RIPARIAN AND WETLAND SPECIES FROM THE SOUTHEASTERN UNITED STATES (2010), http://www.biologicaldiversity.org/programs/biodiversity/1000_species/the_southeast_freshwater_extinction_crisis/pdfs/SEPetition.pdf.  The Center brings this suit on behalf of itself and its members.

9.     The Center's members have educational, scientific, recreational, aesthetic, and moral interests in the Guyandotte River crayfish, the Big Sandy crayfish, and their habitat.  The Center's members use and enjoy, and will continue to use and enjoy, areas of the species' current and historical range.  These members have visited and have concrete plans to return to streams where the Guyandotte River crayfish and the Big Sandy crayfish once occurred or may still be found, visiting these areas to engage in recreational and scientific activities, and to attempt to view the species in its natural habitat.  These include areas where the species may be recovered one day if protected as critical habitat under the ESA.  Defendants' failure to designate critical habitat, which is defined to include areas that are essential to the recovery as well as survival of endangered and threatened species, has injured and continues to harm the Center's interests in

these species' conservation.  Defendants' failure to comply with this nondiscretionary obligation under the ESA relegates these species to small portions of their former range and impedes their recovery in the wild.  The relief sought would redress the Center's injuries.

10.     Defendant RYAN ZINKE is the Secretary of the United States Department of Interior.  As such, he is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including proposed and final critical habitat designations.  Secretary Zinke is sued in his official capacity.

11.     Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior that is charged with implementing the ESA for most freshwater aquatic species and promptly complying with the ESA's mandatory critical habitat designation deadlines.  Defendants will be collectively referred to as "FWS."

## LEGAL BACKGROUND

12.     Among the purposes of the ESA are "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species . . . ." 16 U.S.C. § 1531(b).  To this end, ESA section 4 requires that the Secretary protect such species by listing them as either "threatened" or "endangered," and by designating "critical habitat" for each listed threatened or endangered species at the time the species is listed.  *Id*. § 1533.

13.     "Conserve" and "conservation," as defined in the ESA, "mean to use and the use of all methods and procedures necessary to bring any endangered species or threatened species to the point at which the measures provided [by the ESA] are no longer necessary."  *Id*. § 1532(3).

14.     However, before the ESA can protect a species facing extinction or that species' habitat, the species must be listed as either "endangered" or "threatened." *Id.* § 1533(d).

15.     A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6).  A species is threatened if it is "likely to become an endangered species within the foreseeable future." *Id.* § 1532(20).  The listing process is the essential first step in the ESA's system of species protection and recovery.  50 C.F.R. § 424.11.

16.     When FWS determines that a species is endangered or threatened, it must "concurrently" designate critical habitat.  16 U.S.C. § 1533(a)(3)(A)(i).  Critical habitat is defined as:

> (i) the specific areas within the geographical area occupied by the species, at the time it is listed in accordance with the [Act], on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection; and

> (ii) specific areas outside the geographical area occupied by the species at the time it is listed in accordance with the provisions of section 1533 of this title, upon a determination by the Secretary that such areas are essential for the conservation of the species.

*Id.* § 1532(5)(A).

17.     The ESA provides only two exceptions to FWS's duty to designate critical habitat concurrently with listing:  (1) where critical habitat is not "determinable," or (2) where it would not be "prudent" to designate critical habitat.  *Id.* § 1533(a)(3).

18.     If FWS determines that critical habitat is not "determinable" at the time of listing, it must designate critical habitat within one year of the date of listing "based on such data as may be available at that time."  *Id.* § 1533(b)(6)(C)(ii).

19.     Designation of critical habitat for listed species provides substantive legal protections that are in addition to those provided for species that are listed as endangered or

threatened but no designated critical habitat.  All federal agencies must consult with FWS to "insure that any action" that they authorize, fund, or carry out "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [its critical] habitat."  *Id.* § 1536(a)(2).

## STATEMENT OF FACTS

**A.    The Guyandotte River Crayfish and Big Sandy Crayfish**

20.    The Guyandotte River crayfish is a three- to four-inch freshwater crustacean that is known for its green, turquoise, red, and blue colors.  Although it once inhabited much of the clean, fast-flowing streams of the Upper Guyandotte River basin, today it is only found in two small streams in Wyoming County, West Virginia, representing eight percent of its historic range.  81 Fed. Reg. at 20,459, 20,461-62.

21.    The Big Sandy crayfish is very similar in appearance and closely related to the Guyandotte River crayfish.  The Big Sandy crayfish also inhabits larger, clean, fast-flowing streams, and has lost 62 percent of its historic range in the Upper Big Sandy River drainage in eastern Kentucky, southern West Virginia, and southwestern Virginia.  *Id.* at 20,459-61.

22.    The Guyandotte River crayfish and the Big Sandy crayfish require large, clean streams with abundant slab boulders atop sand, cobble, or bedrock substrates.  They shelter in shallow burrows beneath boulders and loose cobbles on stream bottoms.  Both species are intolerant of sedimentation of their stream-bottom habitat.  Extirpation of these species has been documented where stream bottoms have been buried in sediment.  *Id.* at 20,459.

23.    The existence of the Guyandotte River crayfish and Big Sandy crayfish is threatened by habitat loss and degradation, primarily from coal mining, including mountaintop removal, as well as logging and oil and gas extraction.  *Id.* at 20,466-68, 20,471-72.  These

extractive activities drastically change the stream-bottom habitats these crayfish require, burying their necessary shelter in sediment and degrading water quality through toxic pollution. *Id.* Sedimentation due to erosion from roads and residential and commercial development also threatens the crayfish. *Id.* at 20,468-72.

24.     Dams have eradicated more than 120 river miles of these species' former range by transforming their free-flowing habitats into stagnant waters, fragmenting their remaining range, and isolating crayfish populations. *Id.* at 20,472, 20,477. This isolation depresses the genetic diversity of remaining populations, thus reducing their resiliency to ongoing threats. *Id.*

25.     FWS concluded that existing state and federal regulatory mechanisms for protecting water quality are inadequate to prevent the ongoing destruction of these species' habitat and their extirpation from their historic range. *Id.* at 20,473.

26.     FWS concluded that both of these species are now at risk of disappearing forever, due primarily to land disturbing activities and their small population size. *Id.* at 20,478.

**B.      Protection Under the Endangered Species Act**

27.     The Center petitioned for protection of the Big Sandy crayfish as an endangered or threatened species on April 20, 2010, as provided under the ESA. 16 U.S.C. §1533(b); 50 C.F.R. §424.14(a).

28.     FWS issued a finding on September 27, 2011, determining listing the Big Sandy crayfish may be warranted under the ESA. 76 Fed. Reg. 59,836 (Sept. 27, 2011).

29.     In 2014, genetic analysis revealed that the taxa formerly known as the "Big Sandy crayfish" comprises two species of crayfish. Consequently, Big Sandy crayfish is now called the Guyandotte River crayfish in a portion of its range. 80 Fed. Reg. 18,710, 18,711-12 (Apr. 7, 2015).

30.     On April 7, 2015, FWS published a proposed rule to list the Guyandotte River crayfish as endangered, and the Big Sandy crayfish as threatened under the ESA.  *Id.* at 18,710. In this proposed rule, FWS determined that designating critical habitat was "prudent but not determinable" at that time.  *Id.* at 18,738.

31.     On April 7, 2016, FWS published a final rule in the Federal Register listing the Guyandotte River crayfish as endangered under the ESA.  81 Fed. Reg. 20,478 (Apr. 7, 2016).

32.     On April 7, 2016, FWS also listed the Big Sandy crayfish as threatened under the ESA.  *Id.*

**C.     Failure to Designate Critical Habitat**

33.     More than three years has passed since FWS determined that designating critical habitat for these two species of crayfish was prudent but not determinable.

34.     More than two years has passed since FWS listed both species under the ESA.

35.     As of the date of this filing, FWS has not designated critical habitat for the Guyandotte River crayfish.  As a result, FWS is more than one year overdue in designating critical habitat for the Guyandotte River crayfish.

36.     As of the date of this filing, FWS has not designated critical habitat for the Big Sandy crayfish.  As a result, FWS is more than one year overdue in designating critical habitat for the Big Sandy crayfish.

**FIRST CLAIM FOR RELIEF**
**(Failure to Designate Critical Habitat for the Guyandotte River Crayfish)**

37.     Paragraphs 1–36 are incorporated herein by reference.

38.     Under Section 4 of the ESA, FWS must either designate critical habitat for a species at the time of listing or, if critical habitat is not determinable at the time of listing, designate critical habitat within one year of listing. 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C)(ii).

39.     More than two years have passed since FWS listed the Guyandotte River crayfish under the ESA, yet FWS has failed to designate critical habitat for this species.

40.     This omission violates FWS's non-discretionary duties under Section 4 of the ESA within the meaning of 16 U.S.C. § 1540(g)(1)(C).  These actions are also arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and/or they constitute agency action unlawfully withheld or unreasonably delayed under the APA. 5 U.S.C. § 706.

### SECOND CLAIM FOR RELIEF
**(Failure to Designate Critical Habitat for the Big Sandy Crayfish)**

41.     Paragraphs 1–36 are incorporated herein by reference.

42.     Under Section 4 of the ESA, FWS must either designate critical habitat for a species at the time of listing or, if critical habitat is not determinable at the time of listing, designate critical habitat within one year of listing. 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C)(ii).

43.     More than two years have passed since the FWS listed the Big Sandy crayfish under the ESA, yet FWS has failed to designate critical habitat for this species.

44.     This omission violates FWS's non-discretionary duties under Section 4 of the ESA within the meaning of 16 U.S.C. § 1540(g)(1)(C).  These actions are also arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and/or they constitute agency action unlawfully withheld or unreasonably delayed under the APA. 5 U.S.C. § 706.

### PRAYER FOR RELIEF

For the above reasons, Plaintiff respectfully requests this Court enter judgment providing for the following relief:

1.     Declaratory judgment that FWS violated the ESA and APA by failing to timely designate critical habitat for the Guyandotte River crayfish;

2.      Declaratory judgment that FWS violated the ESA and APA by failing to timely designate critical habitat for the Big Sandy crayfish;

3.      Injunctive relief requiring the FWS to designate critical habitat for the Guyandotte River crayfish;

4.      Injunctive relief requiring the FWS to designate critical habitat for the Big Sandy crayfish;

5.      An order awarding the Center its costs of litigation, including reasonable attorneys' fees as provided in the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6.      Such other relief as this Court deems just and proper.


Dated: June 19, 2018                              Respectfully submitted,


                                                  */s/ Thomas A. Rist*
                                                  Thomas Rist
                                                  WV Bar No. 9100
                                                  Humphrey & Rist, LLP
                                                  103 Fayette Avenue
                                                  Fayetteville, WV 25840
                                                  Telephone: (304) 574-0222
                                                  Email: tom@humphreyrist.com

                                                  */s/ Perrin W. de Jong*
                                                  Perrin W. de Jong (*pro hac vice* pending)
                                                  NC Bar No. 42773
                                                  CENTER FOR BIOLOGICAL DIVERSITY
                                                  P.O. Box 6414
                                                  Asheville, NC 28816
                                                  Telephone: (828) 252-4646
                                                  Facsimile: (888) 277-4929
                                                  Email: perrin@biologicaldiversity.org

                                                  *Counsel for Plaintiff*